**Larry N. INGRAM, Plaintiff–Appellant,**

**v.**

**CITY OF LOS ANGELES; Guillermo Calleros; Juan Arenas, e/s/a John R. Arenas, Defendants–Appellees.**

No. 06–55485.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2009.

Filed May 20, 2009.

Kathryn Marie Davis, Pasadena, CA, for Plaintiff–Appellant.

Larry N. Ingram, Los Angeles, CA, pro se.

Janet G. Bogigian, Esq., Amy Jo Field, Esq., Wendy Shapero, Esq., Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees.

Before NOONAN, O'SCANNLAIN, and GRABER, Circuit Judges.

MEMORANDUM *

Larry Ingram appeals the district court's grant of summary judgment in his § 1983 suit against Officers Guillermo Calleros and Juan Arenas (the "Officers"), as well as the City of Los Angeles (the "City"). The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

■ The Officers' reliance on erroneous information in making the traffic stop was an objectively reasonable mistake of fact. *See Saucier v. Katz*, 533 U.S. 194, 206, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *United States v. Miguel*, 368 F.3d 1150, 1153–54 (9th Cir.2004); *United States v. Dorais*, 241 F.3d 1124, 1130–31 (9th Cir.2001); *United States v. Garcia–Acuna*, 175 F.3d 1143, 1146–47 (9th Cir.1999). Accordingly, there was no Fourth Amendment violation.

■ Nothing in the Officers' post-stop conduct violated Ingram's constitutional rights. The Officers ordered Ingram out of the vehicle after completing a legal traffic stop, *see Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam), possessed reasonable suspicion to pat him down, *see United States v. Mattarolo*, 209 F.3d 1153, 1158 (9th Cir.2000), and searched his vehicle incident to arrest, *see New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).[1] Ingram did not rebut the presumption that the prosecutor acted independently. *See Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir.1981).

■ Absent an underlying constitutional violation by the Officers, Ingram's claims against the City must fail. *See City of L.A. v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam).

**AFFIRMED.**

GRABER, Circuit Judge, specially concurring:

I concur in the result. I would not reach the question whether a Fourth Amendment violation occurred. *See Pearson v. Callahan*, —— U.S. ——, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). We may affirm the district court's grant of summary judgment on any ground raised below and supported by the record. *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council*, 322 F.3d 602, 610 (9th Cir.2003).

Assuming that there was a Fourth Amendment violation, the officer defendants are entitled to qualified immunity because the officers' conduct was not in violation of clearly established law. With respect to the City, any violation was not so obvious that the City was deliberately indifferent to it.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. To the extent the Supreme Court's decision in *Arizona v. Gant*, —— U.S. ——, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), limited *Belton's* scope, such law was not "clearly established" at the time of the incident in question and the Officers would be entitled to qualified immunity, *see Saucier*, 533 U.S. at 201, 121 S.Ct. 2151.